UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DESIGN RESOURCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEATHER INDUSTRIES OF AMERICA, INC., a District of Columbia Corporation, and DR. NICHOLAS J. CORY, <br><br> Defendants. | C09-611RSM <br><br> ORDER ON DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER |

## **I. INTRODUCTION**

This matter comes before the Court on defendants' Motion to Dismiss or, in the Alternative, to Transfer. Dkt. #36. Defendants seek dismissal of this action under Fed.R.Civ.P. 12(b)(3) for improper venue, or to transfer the case to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1406(a). Alternatively, defendants argue that the case should be transferred pursuant to 28 U.S.C. § 1404(a). Plaintiff has opposed the motion in all respects. Although the moving party has requested oral argument, the Court deems that unnecessary. For the reasons set forth below, the Court finds that venue is not proper in this district and shall, in the interest of justice, grant the § 1406(a) motion to transfer the action to the Southern district of Ohio.

## II. DISCUSSION

### A. Background

Plaintiff Design Resources, Inc. ("DRI"), filed this action alleging causes of action under the Lanham Act, 15 U.S.C.§ 1125, and various state law torts, including false advertising, business defamation, product disparagement, tortious interference with business relationships, unfair competition, and breach of contract, together with violaton of the Washington Consumer Protection Act, RCW 19.86.010. Amended Complaint, Dkt. # 33, ¶ 7. The complaint invokes the jurisdiction of this Court under both federal question and diversity, pursuant to 28 U.S.C. §§ 1331 and 1332. *Id*., ¶4. The complaint arises from the actions of defendant Dr. Nicholas Cory, who tested plaintiff's product "NextLeather®" at the Leather Research Laboratory ("LRL"), an affiliate of defendant Leather Industries of America ("LIA"). Plaintiff alleges that Dr. Cory advised plaintiff that the product could be called "bonded leather," and then proceeded to disparage the labeling, marketing and selling of plaintiff's product as "bonded leather." *Id*., ¶¶ 8-10.

Plaintiff is a Washington corporation with principal place of business in Seattle, Washington. Amended Complaint, ¶ 33. Dr. Cory is a resident of Loveland, Ohio. The Leather Research Laboratory, of which he is the director, is located in Cincinnati, Ohio. Declaration of Dr. Nicholas Cory, Dkt. # 37.[1] Defendant LIA is a non-profit trade organization with its principal place of business in the District of Columbia. Amended Complaint, Dkt. # 33, ¶ 2.

Defendants, before filing an Answer to the Amended Complaint, assert pursuant to Fed.R.Civ.P. 12(b)(3) that venue in this district is improper, and move to either dismiss the action or to transfer it to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1406(a). Defendants have also filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. Dkt. # 39. The Court must address the venue question first.

---

[1] When considering a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir.1998)

ORDER
PAGE - 2

### B. Motion pursuant to Rule 12(b)(3) and § 1406(a)

A defendant may raise a Rule 12(b)(3) motion to dismiss for improper venue in its first responsive pleading or by a separate pre-answer motion. Fed.R.Civ.P. 12(b)(3). Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir.1979). Generally, where there are multiple defendants, "venue must be properly laid as to each defendant." *Eaby v. Richmond*, 561 F.Supp. 131, 140 n. 2 (E.D.Pa.1983) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d at 493.

If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer it to any district in which it properly could have been brought. 28 U.S.C. § 1406(a); *District No. 1, Pacific Coast District v. Alaska*., 682 F.2d 797, 799 (9th Cir.1982). Even if the court determines that venue is proper, it may still transfer for the convenience of parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a). In either case, the decision to transfer rests in the discretion of the court. 28 U.S.C. § 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992) (holding that the trial court did not abuse its discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, and not transfer, the action because of improper venue).

In a civil action such as this one, where jurisdiction is not founded solely on diversity of citizenship, venue is proper **only** in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

For purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). In a State which has more than one judicial district, the corporation shall be deemed to reside in any district in that State within which its contacts

would be sufficient to subject it to personal jurisdiction if that district were a separate State. 28 U.S.C. § 1391(c).

As noted above, when deciding a motion under Fed.R.Civ.P. 12(b)(3), the Court need not accept the pleadings as true, and may consider facts outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir.1996). Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. *Koresko v. RealNetworks, Inc.*, 291 F.Supp.2d 1157, 1160 (E.D.Cal.2003); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d at 496 (placing burden on plaintiff in summary judgment context). The trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir.2003).

Here, venue does not lie in this district under § 1391(b)(1) since all defendants do not reside in the same state, and no defendant resides in this district. 28 U.S.C. § 1391(b)(1). The Court must then consider whether "a substantial part of the events or omissions giving rise to [this action]" occurred in this district so as to establish venue under § 1391(b)(2).

The Amended Complaint alleges, after listing the causes of action, that

> [t]hese causes of action are based upon Dr. Nicholas Cory's "false advertising," defamation, product disparagement, and his public comdemnation of DRI's labeling, advertising and sale of its NextLeather® bonded leather products as purposefully deceptive to its actual and potential customers and fraudulent. These statements were literally false. Dr. Cory advised DRI that it could label, market and sell NextLeather® as "bonded leather." Then, after DRI had extensively marketed the product as bonded leather and sold substantial quantities of it to valued customers, Dr. Cory turned around and publily condemned DRI as a fraudster for labeling, marketing and selling NextLeather® as bonded leather.

> DRI came to Dr. Nicholas Cory and his and LIA's laboratory, Leather Research Laboratory ("LRL"), for the testing necessary to ensure that its NextLeather® labels accurately disclosed the information required by the Federal Trade Commission's Guides for Select Leather and Imitation Leather Products. . . The LIA underwrites the LRL, and Dr. Cory is the "Technical Director and Editor of the LIA" in addition to Director of LRL. DRI also sought Dr. Cory's advice to ensure that its labeling, advertising and sale of NextLeather® was in full compliance with the law. He told DRI that it could label and call NextLeather® "bonded leather," and the report issued by his laboratory called it bonded leather. Dr. Cory also complimented DRI that NextLeather® looked and felt so much like leather, saying that NextLeather® was so "incredible" that it "scare[d]" him.

> Subsequently, . . . Dr. Cory, without further notice to DRI, was quoted in *Furniture Today*, the furniture industry's leading trade publication, stating unequivocally, in reference to NextLeather® and other bonded leather products, "To call it 'leather' is outright deception, outright fraud." The *Furniture Today* article reported further that Dr. Cory was on a "crusade" to educate the industry that manufacturers of bonded leather products were engaged in fraud. Dr. Cory also communicated to DRI's largest competitor, Ashley Furniture, and other competitors, that DRI was misrepresenting its NextLeather® product in order to deceive and confuse consumers. His advice to Ashley Furniture supported Ashley's own smear campaign against DRI and NextLeather®.

Amended Complaint, Dkt. # 33, ¶ 8, 9, 10.

The entire focus of these allegations is Dr. Cory, his testing of DRI's product, and his subsequent statements—all of which occurred in Ohio, where Dr. Cory resides and where the LRL testing laboratory is located. DRI asserts that it " **came to** Dr. Nicholas Cory and his and LIA's laboratory, Leather Research Laboratory ("LRL"), for the testing. . ." Dr. Cory has established by his Declaration that he has never visited Washington State, nor does he own property or maintain a bank account in this State. Cory Declaration, Dkt. # 37, ¶ 18-20. The only evidence offered by DRI in opposition to the Rule 12(b)(3) motion are invoices sent by LRI to DRI for the work performed by Dr. Cory at LRL in Ohio. Declaration of Alan J. Naness, Dkt. # 43. These invoices are wholly insufficient to establish that a "substantial part" of the events giving rise to this action occurred in Washington.

To determine substantiality, the Court looks to "the entire sequence of events underlying the claim[s], and focus[es] on the defendants' (rather than the plaintiff's) actions." *Lee v. Corr. Corp. of Am.*, 525 F.Supp.2d 1238, 1241 (D.Haw.2007) (internal quotation marks and citations omitted); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003) ("Congress ... 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.' ") (*quoting Woodke v. Dahm*, 70 F.3d 983 (8th Cir.1995)); *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir.2001). "[F]or venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir.2005). Although in tort actions, "the locus of the injury [is] a relevant factor" in determining whether venue is proper, that injury is not a substantial factor here, particularly in

light of the primacy of the Lanham Act claim, and the dominance of Dr. Cory's activities in Ohio as the focus of plaintiff's allegations. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir.2001).

The Court accordingly finds that no "substantial part of the events or omissions giving rise to [this action]" occurred in this district so as to establish venue under § 1391(b)(2). Rather, the substantial portion of the events alleged in the Complaint occurred in Ohio, and accordingly, venue properly lies in the Southern District of Ohio.

Pursuant to § 1406(a), if a plaintiff commences an action in the wrong district, a federal court shall, upon timely and proper motion, dismiss the action for improper venue or "if it be in the interest of justice" transfer the case to any district where it could have been brought ( i.e., where venue would have been proper). *District No. 1 Pacific Coast District v. Alaska*, 682 F.2d at 799. The Court has discretion to determine whether to transfer or dismiss the case outright. *Id*. Generally, if there is another district in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal, as transfer avoids any statute of limitations problems and the necessity of filing and serving a new action. *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir.1992).

This action could have been brought in the Southern District of Ohio, where Dr. Cory resides, and where the testing of DRI's product took place. The Court therefore determines that it is in the interest of justice to transfer, rather than dismiss, the action for improper venue. 28 U.S.C. § 1406(a).

### III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss or, in the Alternative, to Transfer (Dkt. # 36) is DENIED as to dismissal but GRANTED as to transfer.

(2) The Clerk is directed to TRANSFER this case to the United States District Court for the Southern District of Ohio. The Clerk shall close this file and promptly notify the Clerk of

ORDER
PAGE - 6

Court for the Ohio District Court.

(3) Two motions remain pending in this action, defendants' Rule 12(b)(6) Motion to Dismiss (Dkt. # 39) and plaintiff's Motion for Leave to Conduct Expedited Discovery (Dkt. # 52). The parties may renew these motions in the Ohio District Court.

Dated this 21st day of January, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE